HALFORD SHIMABUKURO, Plaintiff-Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO), Defendant-Appellee, and JOHN DOES 1-20, Defendants
No. 27222.
Intermediate Court of Appeals of Hawaii.
April 16, 2008.
On the briefs:
Gary Y. Okuda, (Leu & Okuda), for Plaintiff-Appellant.
Kathy K. Higham, Kessner Duca Umebayashi Bain & Matsunaga, for Defendant-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., FOLEY and FUJISE, JJ.
Plaintiff-Appellant Halford Shimabukuro (Shimabukuro) appeals from the March 31, 2005 Judgment entered by the Circuit Court of the First Circuit (circuit court)[1] in favor of Defendant-Appellee Government Employees Insurance Company (GEICO) . Shimabukuro argues on appeal that (1) GEICO acted in bad faith when it refused to pay his Underinsured Motorist (UIM) claim until after arbitration, and (2) the circuit court should have allowed him to complete discovery before ruling on GEICO's summary judgment motion.
After a careful review of the issues raised, arguments advanced, law relied upon, and the record in the instant case, we resolve Shimabukuro's appeal as follows:
1. GEICO's failure to pay Shimabukuro the UIM policy limit before arbitration determined the value of his claim did not constitute bad faith as a matter of law. Although GEICO has a duty "to act in good faith and deal fairly with its insureds," a delay in payment of benefits based on "an interpretation of the insurance contract that is reasonable does not constitute bad faith." Best Place, Inc. v. Penn Am. Ins. Co., 82 Hawai`i 120, 129-33, 920 P.2d 334, 343-47 (1996).
Under the UIM policy at issue here, the amount of Shimabukuro's recovery for damages was to be determined by agreement or, if an agreement could not be reached, the parties could agree to arbitrate the dispute. Shimabukuro claimed he suffered damages in excess of his UIM policy limit of $100,000.[2] GEICO disputed the amount of damages suffered by Shimabukuro, and suggested that the parties arbitrate the dispute. Shimabukuro initially did not agree to arbitrate, but later agreed to arbitration when GEICO filed a motion for summary judgment. In these circumstances, GEICO's decision to delay payment until arbitration settled the dispute over the value of the UIM claim was a reasonable interpretation of the policy and did not constitute bad faith.
2. The circuit court did not abuse its discretion when it ruled on GEICO's motion for summary judgment before Shimabukuro completed his discovery. Acoba v. Gen. Tire, Inc., 92 Hawai`i 1, 9, 986 P.2d 288, 296 (1999) ("The extent to which discovery is permitted under [Hawai`i Rules of Civil Procedure] Rule 26 (1990) is subject to considerable latitude and discretion of the trial court[,]" and "will not be disturbed in absence of a clear abuse of discretion" resulting in substantial prejudice to a party). The circuit court ruled that GEICO's interpretation of the UIM policy was reasonable as a matter of law. Shimabukuro has not demonstrated on appeal how the failure to obtain GEICO's claims manual or GEICO documents showing the internal valuation of the UIM claim substantially prejudiced his bad faith claims. Therefore, Shimabukuro has not shown that discovery would have yielded evidence that would have assisted him in defending against GEICO's motion for summary judgment.
Therefore,
IT IS HEREBY ORDERED that the March 31, 2005 Judgment of the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Victoria S. Marks presided.
[2] The record does not reflect when Plaintiff-Appellant Halford Shimabukuro (Shimabukuro) made a demand to Defendant-Appellee Government Employees Insurance Company (GEICO) for payment of his Underinsured Motorist (UIM) policy benefits. In the complaint initiating this lawsuit, Shimabukuro does not specify an amount of damages claimed as a result of the automobile accident itself. However, in GEICO's supporting documentation to its June 1, 2004 motion for summary judgment, GEICO Claim Examiner Shaun Kim Nelson declared that Shimabukuro had demanded the full $100,000 policy limit in addition to the amount he had received from the driver of the automobile causing the accident. In his opposition to the motion for summary judgment, Shimabukuro argued that he had suffered injuries in excess of his UIM policy limits.